# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | |
|---|---|
| SUE E. LINBOE, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Case No. 3:06-cv-00257 |
| ) | Phillips/Guyton |
| CITY-COUNTY FEDERAL ) | |
| CREDIT UNION and ) | |
| STONE & HINDS, P.C. ) | |
| ) | |
| Appellees. ) | |

## MEMORANDUM AND OPINION

In this matter, plaintiff filed an appeal from a state court judgment. The defendants have filed a motion to dismiss [Doc. 9] asserting several grounds to warrant dismissal of the plaintiff's cause of action. The plaintiff has filed a rebuttal [Doc. 12] to defendants' dispositive motion in response, and the defendants have replied [Doc. 13]. For the reasons that follow, defendants' motion to dismiss [Doc. 9] is **GRANTED**.

### I.  Facts

The Court merely provides an abridged summary of relevant facts related to the procedural history of litigation for the purposes of this opinion.

In June of 2004, the City-County Federal Credit Union ("City-County FCU") filed a civil warrant against Sue Linboe ("Linboe") in the General Sessions Court of Monroe

1

County. The civil warrant concerned a judgment based on a past due Visa Credit Card account issued to Linboe in the amount of Twelve Thousand Eighteen Dollars and Ninety-Nine Cents ($12,018.99) plus interest, attorney fees, and court costs. Stone & Hinds, P.C. ("Stone & Hinds") represented the City-County FCU against Linboe in the matter (Stone & Hinds was not a party to the suit). The case was tried on December 1, 2004 in General Sessions Court of Monroe County, and judgment was awarded to City-County FCU in the amount of Fourteen Thousand Six Hundred Thirty Nine Dollars and Twenty Nine Cents ($14,639.29).

Linboe, proceeding *pro se*, then filed an appeal. Both Linboe and City-County FCU filed dispositive motions. Linboe did not respond to City-County FCU's motion for summary judgment. Additionally, in the caption of her motion for dismissal, Linboe improperly names Stone &Hinds, P.C. as a party to the matter. Thereafter, Linboe continued to insert Stone & Hinds as a party to the suit in all subsequent filings and documents.

The Monroe County Circuit Court denied plaintiff's motion for dismissal, granted City-County FCU's motion for summary judgment, and sustained the General Session's judgment against Linboe on February 18, 2005. Linboe then appealed to the Tennessee Court of Appeals. After briefing and oral argument, the Tennessee Appellate Court upheld the Monroe County Circuit Court's decision on September 27, 2005. Linboe then filed a copy of her appellate brief with the Tennessee Supreme Court. Although the Tennessee Supreme Court accepted the plaintiff's filing as an application for permission to appeal, the Tennessee Supreme Court ultimately denied application on March 27, 2006.

Shortly thereafter, plaintiff filed an appeal with this District Court for relief. The plaintiff submitted two bound volumes captioned "United States Court of Appeals for the Federal Circuit," "On Appeal From the Judgment of the Circuit Court of Monroe County," and "Brief of Appellant." Defendants assert that the filings are virtually identical to the documents Linboe submitted to the Tennessee Court of Appeals and the Tennessee Supreme Court.

## II. Motion to Dismiss and Applicable Law

Fed. R. Civ. P. 12(b)(1) provides that a party may move to dismiss an action by motion based on lack of jurisdiction over the subject matter. In analyzing a motion under Fed. R. Civ. P. 12(b)(1), a court must make a distinction between Rule 12(b)(1) motions which attack the complaint on its face and those which attack the existence of subject matter jurisdiction in fact. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). As to "facial" attacks, the challenge is that the plaintiff has not faithfully recited all the jurisdictional predicates necessary for a court to exercise subject matter jurisdiction. *Id.* As to "factual" attacks, the challenge is the actual existence of a court's jurisdiction over the matter. *Id.* It would appear that the defendants are asserting their Rule 12(b)(1) motion as a "factual" attack.

A court is obligated to dismiss an action in the absence of subject matter jurisdiction, either on its own motion or by suggestion of a party. *2 Moore's Federal Practice* §12.30[1] (Matthew Bender 3rd Ed.) (citing, *Avitts v. AMOCO Prod. Co.*, 53 F.3d 690, 693 (5th Cir.

1995)). A federal district court does not have jurisdiction to hear an appeal from a state court. *Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747 (6th Cir. 2003); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.C. 462, 103 S.Ct. 1303 (1983).

In the instant matter, the plaintiff's dispute has been previously heard, considered, and/or disposed of in the General Sessions Court for Monroe County, the Circuit Court for Monroe County, the Tennessee Court of Appeals, and the Tennessee Supreme Court. This Federal District Court lacks the jurisdiction to hear plaintiff's appeal.[1]

### III. CONCLUSION

For the reasons hereinabove set forth, defendants' motion to dismiss [Doc. 9] is **GRANTED in its entirety**.

**IT IS SO ORDERED.**

                                                  **ENTER:**

                                                  s/Thomas W. Phillips
                                                  UNITED STATES DISTRICT JUDGE

---

[1] Since this Court does not have jurisdiction to review the appeal and final judgement of the state court, the Court need not consider Stone & Hinds' assertions arguing that it is not a party to the appeal and insufficiency of service of process/ lack of personal jurisdiction.